**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| ENOS BRENIZER, | ) | |
| Plaintiff, | ) | **Civil Action No. 16-123ERIE** |
| | ) | |
| v. | ) | **District Judge Rothstein** |
| | ) | |
| EDDIE'S COLLECTABLES, | ) | **Magistrate Judge Baxter** |
| Defendant. | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

## I.      RECOMMENDATION

It is hereby recommended that the motion for leave to proceed in forma pauperis [ECF No. 1] be GRANTED.

It is further recommended that this action be dismissed as legally frivolous in accordance with 28 U.S.C. § 1915(e). The Clerk of Courts should be directed to close this case.

## II.      REPORT

### A.  Procedural History

This civil rights action was received in this Court on May 31, 2016. Plaintiff has also filed a motion seeking leave to proceed in forma pauperis. ECF No. 1.

Plaintiff, currently incarcerated at the SCI in Albion and acting *pro se*, brought this action against Defendant "Eddie's Collectibles" for the "false imprison[ment] of vehicle." In his complaint, Plaintiff alleges that Defendant "took my truck and tools and refused to return on request $7,000.00." Plaintiff does not specify the relief he seeks. ECF No. 1-1, page 2.

1

### B. Standards of Review

#### 1) The Prison Litigation Reform Act

On April 23, 1996, the Prison Litigation Reform Act (hereinafter, "Act"), Pub.L.No. 104-134, was enacted to amend 28 U.S.C. §1915, which establishes the criteria for allowing an action to proceed without payment of costs. Section 1915(e) as amended, states in relevant part: "The court shall dismiss the case at any time if the court determines that -- ...(B) the action or appeal -- (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted..." A claim is frivolous if it: 1) is based upon an indisputably meritless legal theory and/or, 2) contains factual contentions that are clearly baseless. Neitzke v. Williams, 490 U.S. 319, 327 (1989). A plaintiff has failed to allege a § 1983 claim if the court is satisfied "that no relief could be granted under any set of facts that could be proved consistent with the allegation." Hishon v. King & Spaulding, 467 U.S. 69, 73 (1984). This Court has discretion to dismiss frivolous or malicious in forma pauperis complaints under 28 U.S.C. § 1915(d). Wilson v. Rackmill, 878 F.2d 772, 774 (3d Cir. 1989). The U.S. Supreme Court has instructed that § 1915 provides the Court with the authority "... to dismiss a claim based on an indisputably meritless theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Neitzke, 490 U.S. at 327. In fact, the statute not only empowers the court to screen out frivolous cases before the complaint is served, it actually encourages it. Roman v. Jeffes, 904 F.2d 192, 195-96 (3d Cir. 1990).

Evaluating motions to proceed in forma pauperis under 28 U.S.C. § 1915 is a two-step process. See id. at 194 n.1. "First, the district court evaluates a litigant's financial status and determines whether (s)he is eligible to proceed in forma pauperis under § 1915(a). Second the court assesses the complaint under [§ 1915(e)(2)] to determine whether it is frivolous." Id.

(internal citation omitted).Therefore, only after the district court grants the request to proceed *in forma pauperis* may it dismiss the complaint as legally frivolous. See Jackson v. Brown, 460 Fed. Appx 77, 79 n.2 (3d Cir. 2012*)* ("As a procedural matter, therefore, the District Court should have addressed Jackson's [ *in forma pauperis* ] motion before dismissing the complaint as frivolous, rather than deny the [ *in forma pauperis* ] motion as moot after dismissal."); Spuck v. Fredric, 414 Fed.Appx 358, 359 (3d Cir.2011) ("When a complaint is submitted along with an [ *in forma pauperis* ] application, the complaint is not deemed filed unless and until [ *in forma pauperis* ] status is granted. [ ... ] in that situation, the District Court must first rule on the [*in forma pauperis* ] application and, only if it grants the application, proceed to determine whether the complaint should be dismissed under 28 U.S.C. § 1915(e)(2)(B).").

### 2) Failure to State a Claim

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) or § 1915A(b)(1) is identical to the legal standard used when ruling on a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). See Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of either of these two statutes, a court must grant the plaintiff leave to amend his complaint, unless amendment would be inequitable or futile. See Grayson v. Mayview State Hosp., 293 F.3d 103, 114 (3d Cir. 2002).

In reviewing a *pro se* plaintiff's complaint, the court must accept all factual allegations in the complaint as true and take them in the light most favorable to the *pro se* plaintiff. See Erickson v. Pardus, 551 U.S. 89, 93 (2007); Phillips v. County of Allegheny, 515 F.3d 224, 229

(3d Cir. 2008). A complaint must be dismissed if it does not allege "enough facts to state a claim to relief that is plausible on its face." <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 554, 556 (2007). "Factual allegations must be enough to raise a right to relief above a speculative level." <u>Id.</u>at 555. The court need not accept inferences drawn by the plaintiff if they are unsupported by the facts as set forth in the complaint. <u>See</u> <u>California Pub. Employee Ret. Sys. v. The Chubb Corp.</u>, 394 F.3d 126, 143 (3d Cir. 2004) (internal citation omitted). Nor must the court accept legal conclusions set forth as factual allegations. <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007) <u>citing</u> <u>Papasan v. Allain</u>, 478 U.S. 265, 286 (1986). Additionally, a civil rights claim "must contain specific allegations of fact which indicate a deprivation of constitutional rights; allegations which are nothing more than broad, simple and conclusory statements are insufficient to state a claim under § 1983." <u>Alfaro Motors, Inc. v. Ward</u>, 814 F.2d 883, 887 (2d Cir. 1987).

Finally, a court must employ less stringent standards when considering *pro se* pleadings than when judging the work product of an attorney. <u>Haines v. Kerner</u>, 404 U.S. 519, 520-521 (1972). When presented with a *pro se* complaint, the court should construe the complaint liberally and draw fair inferences from what is not alleged as well as from what is alleged. <u>Dluhos v. Strasberg</u>, 321 F.3d 365, 369 (3d Cir. 2003). In a §1983 action, the court must "apply the applicable law, irrespective of whether the *pro se* litigant has mentioned it by name." <u>Higgins v. Beyer</u>, 293 F.3d 683, 688 (3d Cir. 2002) (internal quotation omitted). <u>See</u> <u>also</u> <u>Nami v. Fauver</u>, 82 F.3d 63, 65 (3d Cir. 1996*) (*"Since this is a § 1983 action, the [*pro se*] plaintiffs are entitled to relief if their complaint sufficiently alleges deprivation of any right secured by the Constitution."). Notwithstanding this liberality, *pro se* litigants are not relieved of their obligation to allege sufficient facts to support a cognizable legal claim.

### C. **Assessment of Plaintiff's motion for leave to proceed in forma pauperis**

In his motion, Plaintiff states that he is unable to pay the filing fee associated with this case. Based upon this averment, as well as the institutional account statement, I find that Plaintiff is without sufficient funds to pay the costs and fees of the proceedings, and accordingly, the motion for leave to proceed *in forma pauperis* should be granted.


### D. **Assessment of Plaintiff's complaint**

Even liberally construing the factual allegations of the complaint, this action should be dismissed as frivolous.

In the event Plaintiff is attempting to state a claim under 42 U.S.C. § 1983, he must allege that a state actor or a person acting under color of state law deprived him of his constitutional rights. Generally, anyone whose conduct is "fairly attributable to the state" can be sued as a state actor under § 1983. Filarsky v. Delia, ___ U.S. ___, ___, 132 S.Ct. 1657, 1661 (2012) citing Lugar v. Edmondson Oil Co., 457 U.S. 922, 937 (1982). "Action under color of state law requires that one liable under § 1983 have exercised power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." Cirri v. Muroski, ___ F.3d ___, ___, 2013 WL 2897868, at *4 (3d Cir. 2013) quoting Harvey v. Plains Twp. Police Dep't, 635 F.3d 606, 609 (3d Cir. 2011). If a defendant did not act under color of state law, then there is no basis for jurisdiction under § 1983. Rendell-Baker v. Kohn, 457 U.S. 830, 838 (1982). Plaintiff has not alleged, nor can he allege, that Eddie's Collectibles was a state actor or that its conduct was fairly attributable to the state.

Moreover, liberally construing Plaintiff's allegations as attempting to state a claim of conversion or theft, his claims fail as those claims arise under state law which precludes the

exercise of jurisdiction by this Court. <u>See</u> <u>Kokkonen v. Guardian Life Ins. Co. of America</u>, 511 U.S. 375, 377 (1994) ("[f]ederal courts are courts of limited jurisdiction" possessing "only that power authorized by Constitution and statute."). Generally, Congress has "authorized federal district courts to exercise original jurisdiction in 'all civil actions arising under the Constitution, laws, or treaties of the United States.'" <u>Gunn v. Minton</u>, ___ U.S. ___, ___ 133 S.Ct. 1059, 1064 (2013) <u>citing</u> 28 U.S.C. § 1331.

Accordingly, this action should be dismissed as frivolous.


**III.     CONCLUSION**

For the foregoing reasons, it is respectfully recommended that the motion for leave to proceed in forma pauperis [ECF No. 1] be GRANTED.

It is further recommended that this action be dismissed as legally frivolous in accordance with 28 U.S.C. § 1915(e). The Clerk of Courts should be directed to close this case.

In accordance with 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72, the parties must seek review by the district court by filing Objections to the Report and Recommendation within fourteen (14) days of the filing of this Report and Recommendation.  Extensions of time will not be granted.  Failure to file timely objections may constitute a waiver of appellate rights.  <u>See</u> <u>Brightwell v. Lehman</u>, 637 F.3d 187, 193 n.7 (3d Cir. 2011); <u>Nara v. Frank</u>, 488 F.3d 187 (3d Cir. 2007).


/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States Magistrate Judge

Dated:  June 14, 2016